**Ardis E. TORNOW, Plaintiff,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.**

No. 80–1209.

United States District Court, C. D. Illinois.

Aug. 10, 1981.

Medley A. Tornow, Peoria, Ill., for plaintiff.

L. Lee Smith, Asst. U. S. Atty., Peoria, Ill., for defendant.

### DECISION AND ORDER

ROBERT D. MORGAN, Chief Judge.

This case is before the court under an agreement for expedited appeal from a determination of the Secretary of Health and Human Services, in which it is agreed, *inter alia*, that the sole issue in dispute is the application of section 202 of the Social Security Act, which is alleged to be unconsti-

---

tutional. More specifically, the provision challenged is section 202(k)(3)(A), which provides, in substance, that when an individual is entitled to benefits on his or her own record, and to any other monthly benefit, this other benefit shall be reduced by the amount of the benefit received on the individual's own record [42 U.S.C. § 402(k)(3)(A)]. The challenge is that this provision, as applied in this case, violates the fifth amendment of the United States Constitution by denial of due process and equal protection of the laws.

Plaintiff became entitled to retirement insurance benefits under the Social Security Act on her own earnings record, effective in 1973. On January 7, 1980, her husband died and she became entitled that month to widow's insurance benefits on his earnings record. In accordance with the challenged statute, her widow's benefits were reduced by the amount of her own retirement benefits, which precipitated the administrative proceeding from which this appeal is taken.

Plaintiff specifies her objections to the statute, substantially as follows:

A. It denies to a deceased covered contributor with a surviving covered contributing spouse, entitled to old age benefits on her own account, the same benefits afforded to a deceased covered contributor with a surviving spouse who is not a covered contributor, inasmuch as the former's contributions provide less benefits for his surviving spouse than the latter's, which is an arbitrary difference resulting in denial of due process and equal protection, in violation of the fifth amendment.

B. Denial to a covered contributing surviving spouse, entitled to benefits on her own account, the same derivative benefits as are provided a non-covered, non-contributing surviving spouse, is similarly unconstitutional.

C. This disparity, because of the disproportionately high percentage of surviving spouses who are women, results in a gender-based distinction, invidiously discriminating against women who work, thus being similarly unconstitutional.

These arguments must fail. Numerous decisions by the Supreme Court of the United States, while not involving this precise statutory section and these exact arguments, have recognized and established principles which are clearly controlling in favor of the constitutionality of this provision to prevent duplicative payments in the light of the legitimate purposes of the Social Security program.

■ Obviously, plaintiff has no standing to sue on behalf of her deceased husband, or decedents generally. *United States v. Richardson*, 418 U.S. 166, 94 S.Ct. 2940, 41 L.Ed.2d 678 (1974); *Flast v. Cohen*, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968); and *Frothingham v. Mellon*, 262 U.S. 447, 43 S.Ct. 597, 67 L.Ed. 1078 (1923). The disparity she experienced, however, by the reduction of her derivative benefits, is actually the same one she sought to assert on his behalf, and consequently must be addressed.

■ However, it seems orderly to first briefly point out that plaintiff's third asserted basis (paragraph C above) is fallacious under established law. Obviously, the statutory section complained of applies to both men and women, so by its terms it is not gender based. The argument rests entirely on the well known fact that generally women live longer than men; i. e., women live, on the average, to a greater age before dying, and at any point in life have a longer life expectancy on standard tables, based on actuarial studies. Quite obviously, this is no guarantee whatsoever for any individual, man or woman. Congressional policy prohibiting sex discrimination, however, prohibits taking this fact into account in allocating contributions to pension programs. *Los Angeles Department of Water and Power v. Manhart*, 435 U.S. 702, 98 S.Ct. 1370, 55 L.Ed.2d 657 (1978). No basis for taking it into account here is shown, regardless of whether doing so would tend to raise or lower plaintiff's benefits.

With respect to her major point (paragraph B above), plaintiff recognizes that to be invalid, differing treatments under Social Security must be arbitrary and lacking

in rational justification. Certainly, benefits are not, and cannot be, linked directly to contributions, like deposits in a bank account, to be drawn out at a later time. Such a program would destroy completely, or at least destroy all funding for, both the survivorship and disability insurance aspects of Social Security.

As recognized by Justice Stevens in *Manhart, supra,* at p. 710, 98 S.Ct. at p. 1376: "For when insurance risks are grouped, the better risks always subsidize the poorer risks. Healthy persons subsidize medical benefits for the less healthy; unmarried workers subsidize the pensions of married workers; persons who eat, drink, or smoke to excess may subsidize pension benefits for persons whose habits are more temperate. Treating different classes of risks as though they were the same for purposes of group insurance is a common practice that has never been considered inherently unfair."

It might be added that the fortunate one, with respect to disability insurance aspects, is he or she who pays the most in contributions and draws the least in financial benefits, by virtue of steady employment without vicissitude. That is the nature and the genius of the insurance system. Likewise, persons who qualify for maximum retirement benefits do not all make the same contributions.

It is no more of an arbitrary aberration to set a maximum survivor's Social Security benefit (which is based not at all upon the recipient's own contributions), i. e., to have such a survivor's benefit reduced, but not below zero, by the amount of any other benefit being received. It is a wholly reasonable way to increase the funding for the whole program of survivor's benefits, which funding must come from somebody else, because it doesn't come from any contributions of the survivor herself (or himself).

The United States Court of Appeals for the Seventh Circuit, in 1979, fully recognized this maximum benefit purpose, and its validity at least by implication, in *Davis v. Califano,* 603 F.2d 618 (1979), beginning at page 628, and in footnote 8 at page 624.

It simply cannot be said that to deny plaintiff both her full earned retirement benefit *and* the full survivor's benefit, to which she would be entitled but for 42 U.S.C. § 402(k)(3)(A), offends the Constitution, as contended by plaintiff.

Accordingly, IT IS ORDERED that the Secretary's determination is AFFIRMED on review, and judgment will enter for defendant on plaintiff's complaint.